```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF INDIANA
                    INDIANAPOLIS DIVISION


MINNIE A. BAYNHAM,              )
                                )
          Plaintiff,            )
     vs.                        ) NO. 1:11-cv-00129-TWP-MJD
                                )
MERIDIAN SERVICES CORP,         )
                                )
          Defendant.            )
```

**ORDER ON PLAINTIFF'S MOTION TO WITHDRAW DEFAULT ADMISSIONS**

This matter comes before the Court on Plaintiff's Motion to Withdraw Default Admissions. [Dkt. 75.]  For the reasons set forth below, Plaintiff's Motion will be **GRANTED**.

On March 6, 2012, the Court Ordered Plaintiff to respond to Defendant's Request for Admissions by April 5, 2012.  [Dkt. 56 at 2.]  On April 10, 2012, the Court granted in part Plaintiff's motion for enlargement of time and ordered Plaintiff to respond to Defendant's Request for Admissions by April 12, 2012.  [Dkt. 65 at 2.]  Plaintiff did not respond to Defendant's Request for Admissions until April 26, 2012.  [Dkt. 75 at 1.]  Consequently, pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure, Defendant's Request for Admissions were deemed admitted for Plaintiff's failure to timely respond.  Fed. R. Civ. P. 36(a)(3).  By this Motion, Plaintiff seeks to withdraw those deemed admissions.

Under Fed. R. Civ. P. 36(b),

> a matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit the withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b). Thus, the Court may permit a party to withdraw its admission if two prongs are met. First, the withdrawal must promote the presentation of the merits of the action. Second, the party who benefits from the admission is not prejudiced. *Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005). As to the second prong, "[h]aving to prove one's case on the merits is not the type of prejudice that satisfies Rule 36(b). Indeed, inasmuch as allowing a party to withdraw an admission will by its very nature always require the other party to prove something that it otherwise would not have had to prove, that alone cannot be sufficient prejudice to satisfy Rule 36(b). Rather, the Defendants must show that they will be prejudiced '*in maintaining the action ... on the merits,*' not simply because they will *now be required to maintain* the action on the merits." *Van Hoose v. Nucor Corp.*, 1:06-cv-01565 WTL LJM, 2007 WL 2898697, at *1 (S.D. Ind. Apr. 13, 2007) (citing to *Perez v. Miami-Dade County*, 297 F.3d 1255, 1266 (11th Cir. 2002).

Defendant is silent on the first element of the inquiry and the Court finds that withdrawal of the Plaintiff's admissions would clearly promote the resolution of this matter on its

merits.

Defendant claims it would be prejudiced by the withdrawal of Plaintiff's admissions (a) because Defendant relied on Plaintiff's admissions in preparing its **reply** in support of its motion for summary judgment and (b) that "Meridian would have to obtain additional affidavits and conduct additional depositions in order to obtain evidence to take the place of Plaintiff's admissions." [Dkt. 76 at 2.]

The Court is unpersuaded by Defendant's claims of prejudice. First, the Court notes that Defendant did not even serve its Request for Admissions, or any written discovery for that matter, until more than a year after the case was filed and only ten days prior to the cut-off for liability discovery, at a point when such discovery was untimely; Defendant was only allowed to serve such untimely discovery by Order of the Court. [*See* Dkt. 56.] Second, Defendant filed its motion for summary judgment on March 15, 2012, which was twenty-eight days before Plaintiff's response to Defendant's Request for Admissions were to be served. Pursuant to Local Rule 56-1, the brief in support of Defendant's motion was supposed to identify the facts potentially determinative of the motion. S.D. Ind. L.R. 56-1(a)(1). Plaintiff's response to the Request for Admission, or any of Defendant's written discovery for that matter, could not have been necessary to Defendant's summary judgment motion, because


none of those responses were even due until four weeks after the motion was filed.  Finally, Defendant's suggestion that it would need to "additional affidavits and conduct additional depositions in order to obtain evidence to take the place of Plaintiff's admissions" is equally unpersuasive in light of the fact that liability discovery closed seven days after Plaintiff's response to Defendant's Request for Admissions were due to be served. [Dkt. 65 at 2.]

   The type of prejudice required to satisfy Rule 36(b) is an admission which induces the serving party to forbear from conducting other discovery in reliance upon the admission.  That is not the situation here.  If Defendant is prejudiced in any way by the withdrawal of Plaintiff's admissions is it due primarily to the fact that Defendant waited until after the very last moment to even begin to conduct discovery in this matter.  Defendant's lack of diligence cannot serve as the basis for establishing the necessary prejudice in this instance.  Accordingly, Plaintiff's Motion to Withdraw Default Admissions, [Dkt. 75], is hereby **GRANTED** and any requests deemed admitted as a result of Plaintiff's untimely response are hereby withdrawn.

Dated: 07/09/2012

Distribution:

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

All Electronically Registered Counsel