UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MINNIE A. BAYNHAM, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) NO. 1:11-cv-00129-TWP-MJD |
| | ) |
| MERIDIAN SERVICES CORP, | ) |
| | ) |
| Defendant. | ) |

## Order

This matter comes before the Court on Plaintiff Minnie A. Baynham's ("Baynham") Motion to Strike Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment [Dkt. 87]. For the following reasons, the Court **DENIES** Baynham's Motion.

On March 15, 2012, Defendant Meridian Services Corp ("Meridian") filed a Motion for Summary Judgment. [Dkt. 57.] Thereafter, Meridian discovered that some of the exhibits it submitted in support of its Motion contained private information. On March 16, 2012, in an attempt to correct this error, Meridian filed a Motion to Seal the exhibits containing the private information. [Dkt. 59.] On the same day, Meridian filed an Amended Motion for Summary Judgment, which was exactly the same as the Motion for Summary Judgment, except Meridian redacted the private information in the exhibits at issue. [Dkt. 60.]

On April 19, 2012, Baynham filed a Response in Opposition, [Dkt. 66]; later filing an Amended Response in Opposition on April 23, 2012, [Dkt. 70], which was past the deadline for responding to Meridian's Motion for Summary Judgment as set forth in the Court's Order dated April 10, 2012, [Dkt. 65]. On May 10, 2012, Meridian filed its Reply in Support, [Dkt. 80],

along with supplemental exhibits [Dkt. 81]. Fifteen days later, on May 25, 2012, Baynham filed the Motion currently at issue. [Dkt. 83.]

In her Motion to Strike, Baynham requests that the Court strike Meridian's Reply because it contains new arguments not made in Meridian's Motion for Summary Judgment and because it contains new evidence not properly authenticated. In response, Meridian argues that Baynham's Motion to Strike is improper and untimely. Specifically, Meridian argues that, under the Local Rules, if Baynham sought to challenge the admissibility of evidence in the Reply Brief, she should have filed a surreply brief within seven days after service of Meridian's Reply Brief instead of filing a Motion to Strike.

The Court agrees with Meridian. Under Local Rule 56-1, collateral motions—such as motions to strike—are disfavored. S.D. Ind. L.R. 56-1(i). Accordingly, the Local Rule states "[p]arties should address disputes over the admissibility or effect of evidence in their briefs." *Id.* In fact, the Local Rules permit a party to file a surreply for the exact reasons Baynham has filed her Motion to Strike. Under the Local Rules, the non-moving party is permitted to file a surreply brief "if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response. The surreply must be filed within 7 days after the movant serves the reply and must be limited to the new evidence and objections." S.D. Ind. L.R. 56-1(d). Thus, Baynham's recourse to challenge the new arguments and evidence in Meridian's Reply Brief was to timely file a surreply.

Baynham contends that, under Local Rule 56-1 "[t]he court may, in the interest of justice or for good cause, excuse failure to comply strictly with this rule." L.R. 56-1(l). Baynham, however, fails to argue that good cause exists for her failure to comply with Local Rule 56-1 by filing a timely surreply. Moreover, while the Court may have discretion to excuse a party's

failure to comply strictly with Local Rule 56-1, it does not authorize the Court to excuse a party's total failure to comply or to attempt to comply with the Local Rule.  Instead of complying with Local Rule 56-1, Baynham chose to file a Motion to Strike and did so past the deadline to submit a surreply.  This is but the most recent in a long series of Plaintiff's counsel's failures to comply with the Court's rules and Orders.  [*See, e.g*., Dkt. 26; Dkt. 73.]  Accordingly, the Court **DENIES** Baynham's Motion to Strike [Dkt. 87] as both improper and untimely.

Dated:  07/16/2012

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:  All counsel registered with CM/ECF.